UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRYELLE DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS INC.,<br><br>Defendant. | Case No. 25-cv-05137-JD<br><br>**ORDER RE DISMISSAL AND DEFAULT JUDGMENT** |

Pro se plaintiff Gabryelle Daniels filed this action for negligence against defendant Meta Platforms, Inc. in connection with its social media platform, Instagram. *See* Dkt. No. 1. The complaint alleges that Daniels's minor daughter, D.D., was sexually assaulted by three men she met on Instagram and another social media platform unrelated to Meta. *Id.* at 5. Daniels requests injunctive relief, and monetary damages for "emotional duress, medical bills[,]" and D.D.'s siblings' "future therapy and [ ] emotional duress[.]" *Id.* at 6.

Meta asks to dismiss. *See* Dkt. No. 24. The motion is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and the hearing set for October 23, 2025, is vacated. Daniels's request to appear remotely, Dkt. No. 38, is denied as moot. The parties' familiarity with the record is assumed.

The complaint raises a troubling allegation with respect to Daniels's daughter but cannot go forward in its present form. To start, there is a question of whether the negligence claim is within the statute of limitations. Although the choice of law issue has not been squarely addressed, and the Court does not resolve it here, the limitations period is two years in California, where Meta is located, and also in Texas, where Daniels resides. *See* Cal. Code Civ. Proc. § 335.1; Tex. Code Civ. Prac. & Rem. § 16.003. The complaint alleges events that occurred

between November 12, 2021, and February 3, 2023. *See* Dkt. No. 1 at 3. Daniels filed the complaint on June 9, 2025. *Id.* at 1. Consequently, the negligence claim is arguably untimely. Daniels will be permitted to file an amended complaint, and should allege facts demonstrating that the claim is not barred by the statute of limitations.

There is also a question of whether Daniels is seeking relief on behalf of others, namely her daughter, which she cannot do. Daniels did not indicate that she is an attorney admitted to practice in this District, and so she may proceed on a pro se basis solely on her own behalf and not on behalf of any other person, including her daughter. *See* Civil L.R. 3-9(a) ("Any party representing him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court."); *Grizzell v. San Elijo Elementary School*, 110 F.4th 1177, 1181 (9th Cir. 2024) ("[A] parent may not proceed *pro se* on her children's behalf."). If Daniels files an amended complaint, she must make clear that the claims and relief are solely with respect to herself.

On the substance of the claim, Daniels did not allege the elements of negligence in a plausible way. As a pro se litigant, Daniels is entitled to the benefit of the doubt. *Nordin v. Scott*, No. 3:21-CV-04717-JD, 2021 WL 4710697, at *1 (N.D. Cal. Oct. 8, 2021), *aff'd*, No. 22-15816, 2023 WL 4418595 (9th Cir. July 10, 2023) (citing *Nguyen Gardner v. Chevron Capital Corp.*, No. 15-cv-01514-JD, 2015 WL 12976114, at *1 (N.D. Cal. Aug. 27, 2015)). Even so, for her negligence claim, Daniels must plausibly allege a duty of care, a breach of that duty, and an injury proximately caused by that breach. *See Kesner v. Superior Ct.*, 1 Cal. 5th 1132, 1142 (Cal. 2016) ("A plaintiff in any negligence suit must demonstrate a legal duty to use due care, a breach of such legal duty, and [that] the breach [is] the proximate or legal cause of the resulting injury." (alterations in original, internal quotations and citations omitted)); *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005) ("To prevail on her negligence cause of action, [plaintiff] must establish the existence of a duty, a breach of that duty, and damages proximately caused by the breach." (citation omitted)). She has not plausibly alleged any of these elements, especially duty.

Daniels filed documents with additional allegations and responses to the motion to dismiss. *See* Dkt. Nos. 27, 36, 39. These documents were not proper under the Federal Rules of Civil

Procedure and the District's Local Rules, and also do not address the issues with the complaint. Even as a pro se litigant, Daniels is expected to follow all applicable rules. *See Johnson v. United States*, No. 13-CV-02405-JD, 2014 WL 2750275, at *1 (N.D. Cal. June 11, 2014) (citing Civil L.R. 3-9(a)). Failure to do so will result in a summary termination of the filing for all purposes in the case.

Daniels's motion for default judgment, Dkt. No. 28, is denied. The clerk has not entered a default, and Meta filed a motion to dismiss. *See* Dkt. No. 15 (service on July 30, 2025); Dkt. No. 24 (motion to dismiss filed on August 20, 2025); *see also* Fed. R. Civ. P. 12(a).

Daniels may file an amended complaint consistent with this order by November 24, 2025. No new parties or new claims may be added without the Court's prior consent. Failure to meet the filing deadline or otherwise comply with this order will result in dismissal of the case pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 17, 2025

JAMES DONATO
United States District Judge