GIBSON, DUNN & CRUTCHER LLP
KRISTIN A. LINSLEY (SBN 154148)
  klinsley@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA  94111-3715
Telephone:  415.393.8395
Facsimile:  415.393.8306

GIBSON, DUNN & CRUTCHER LLP
JESSICA L. WAGNER (*pro hac vice*)
  jwagner@gibsondunn.com
JEFFREY LIU (SBN 325091)
  jyliu@gibsondunn.com
1700 M Street, N.W.
Washington, DC  20036-4504
Telephone:  202.955.8652

*Counsel for Defendant
Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Gabryelle Daniels,<br><br>　　　　　　　　*Plaintiff,*<br><br>　　v.<br><br>Meta Platforms Inc.,<br><br>　　　　　　　　*Defendant* | Civil Action No. 3:25-CV-05137-JD<br><br>**CONSENT MOTION BY DEFENDANT META PLATFORMS, INC. FOR LEAVE TO FILE CORRECTED MOTION TO DISMISS AMENDED COMPLAINT** |

## MOTION

Pursuant to Civil Local Rule 7-11, Defendant Meta Platforms, Inc. respectfully moves for leave to file a corrected motion to dismiss Plaintiff's Amended Complaint. Plaintiff consents to this motion.

Plaintiff, acting pro se, filed the Amended Complaint in the above-captioned action on October 24, 2025, and electronically served Meta through CM/ECF notification on October 28, 2025. Meta's deadline to answer, move to dismiss, or otherwise respond to the Amended Complaint was November 12, 2025. Meta timely filed its motion to dismiss the Amended Complaint. Dkt. 44. In preparing its memorandum of points and authorities filed in support of that motion, Meta mistakenly followed the 25-page limit under Civil Local Rule 7-2(b), rather than conforming to Paragraph 18 of this Court's Standing Order, which limits opening briefs to 15 pages. As such, on November 20, 2025, the Court ordered that Meta's motion to dismiss, Dkt. 44, would be "disregarded." Dkt. 47.

Meta hereby seeks leave to file a corrected motion to dismiss Plaintiff's Amended Complaint. As required by Civil Local Rule 7-11(a), Meta has conferred with Plaintiff, and Plaintiff has indicated that she consents to Meta's motion for leave to refile. A corrected motion to dismiss is attached hereto as Exhibit A. A proposed order and stipulation pursuant to Civil Local Rule 7-12 are also attached.

The Court has "inherent authority" to permit corrected filings as part of its authority "to oversee the litigation." *Ricotta v. Ocwen Loan Servicing, LLC*, No. 06-cv-01502-MSK-KLM, 2008 WL 516674, at *9 (D. Colo. Feb. 22, 2008). "Pleadings which are timely filed, but overly long under local rules should not be rejected without a reasonable, even if conditional, opportunity to conform to the local rules." *Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991). This Court has permitted parties to proceed notwithstanding such error. *See, e.g.*, *Madrid v. IRS*, No. 24-cv-04862-JD, 2025 WL 2780149, at *1 (N.D. Cal. Sept. 29, 2025) (excusing first failure to comply with page limits in Court's Standing Order); *In re Wells Fargo Mortg. Discrimination Litig.*, No. 22-cv-00990-JD, 2024 WL 4923541, at *1 n.1 (N.D. Cal. Nov. 29, 2024) (same); *Keller v. Chegg,*

*Inc.*, No. 22-cv-06986-JD, 2023 WL 5279649, at *1 (N.D. Cal. Aug. 15, 2023) (same); *Prebilich v. City of Cotati*, No. 3:21-cv-02380-JD, 2021 WL 5964597, at *1 (N.D. Cal. Dec. 16, 2021) (same); *Thakur v. Betzig*, No. 3:17-cv-06603-JD, 2019 WL 2211323, at *1 n.1 (N.D. Cal. May 22, 2019) (same).

In evaluating motions for leave to submit corrected filings, courts balance concerns for judicial economy against potential prejudice for the non-moving party. *See, e.g.*, *Alvarez v. NBTY, Inc.*, 331 F.R.D. 416, 419 n.1 (S.D. Cal. 2019) ("consider[ing] the corrected reply brief" after "Plaintiff originally filed a reply that exceed[ed] the page limits permitted by the local rules" but then filed "a corrected brief . . . within the allowable page limits" after defendants moved to strike); *cf. Comprehensive Med. Ctr., Inc. v. State Farm Mut. Auto. Ins.*, 690 F. Supp. 3d 1104, 1109 n.1 (C.D. Cal. 2023) (denying motion to strike overlength brief "[i]n the interest of judicial economy and to avoid further delay of the matter"). Here, judicial economy would be best served by permitting Meta to file a corrected motion to dismiss, and Plaintiff would suffer no prejudice.

As to judicial economy, this Court previously recognized several defects in Plaintiff's original Complaint. *See* Dkt. 40. As explained in Meta's corrected motion to dismiss, Plaintiff's Amended Complaint does not cure those defects and introduces others. *See* Ex. A. Granting this motion would permit the Court to consider and rule efficiently on those dispositive issues. Consideration of Meta's corrected motion to dismiss could thus resolve this litigation without further proceedings. *See Comprehensive Med. Ctr., Inc.*, 690 F. Supp. 3d at 1109 n.1 (accepting overlength brief "in the interest of judicial economy").

Plaintiff will suffer no prejudice should the Court grant Meta's request. Plaintiff has consented to the relief Meta seeks, and Meta is making its motion just over one week after filing its initial motion and the day after the Court's order disregarding that motion. As Meta also communicated to Plaintiff in connection with requesting her consent, the corrected motion to dismiss presents no new arguments. Meta is willing to stipulate to any additional time Plaintiff may need to prepare her opposition.

1  For the foregoing reasons, Meta respectfully requests that the Court grant leave to file a
2  corrected motion to dismiss Plaintiff's Amended Complaint.

4  DATED: November 21, 2025          GIBSON, DUNN & CRUTCHER LLP
                                      KRISTIN A. LINSLEY


                                      /s/ *Kristin A. Linsley*


                                      One Embarcadero Center, Suite 2600
                                      San Francisco, CA  94111-3715
                                      Telephone:  415.393.8395
                                      Facsimile:  415.393.8306
                                      klinsley@gibsondunn.com

                                      *Counsel for Defendant Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

I, Kristin A. Linsley, certify that on November 21, 2025, the foregoing was filed with the Clerk of the Court via CM/ECF. Notice of this filing will be sent electronically to all registered parties by operation of the Court's electronic filing systems. Plaintiff Gabryelle Daniels will be served via email in accordance with the Federal Rules of Civil Procedure.

DATED this 21st day of November, 2025.

> /s/   *Kristin A. Linsley*
> Kristin A. Linsley